*M'Henry* for appellants; *Morehead & Reed* for appellees.

<div style="text-align: right">ROBERTSON *et al.*
*vs*
ROBERTSON *et al.*

---

# Robertson *et al.* vs Robertson *et al.*

### APPEAL FROM THE WASHINGTON CIRCUIT.

*Forcible entry and detainer.   Co-parceners.   Joint possession.   Judgment.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

<div style="text-align: right">FORCIBLE ENTRY AND DET.
*Case* 73.

*April* 11.
The case stated.</div>

WILLIAM and *Gaither Robertson* had been living in Washington county with their father and mother, for at least a year preceding the death of the latter, who survived her husband, and was married on the 14th of November, 1840.   After their father's death, *William* superintended the premises for his mother, and seems to have *claimed* an exclusive right thereto, in remainder after her death.   After her burial on the 14th, *William and Gai*ther remained in the house until the 16th, when the former went to springfield to attend Court.   Whilst he was thus absent, *Samuel Robertson,* another brother residing in Springfield as an apprentice, went to the house to cooperate with *Gaither* in taking exclusive possession and

keeping *William* out.  *William* returned in the evening of the 16th November, in company with *Edward Paxton*, and meeting *Gaither* and *Samuel* at the front door, which he attempted to enter, was repulsed with force. He and *Paxton* then opened a window which had been barred by his said brothers, and *Paxton* helping him into the house through the window, he asked for a dirk, and thereupon *Gaither* and *Samuel* abandoned the house, and *Paxton* and family were instantly put into the exclusive possession by *William*, some of the household goods of *Paxton* being already there in his wagon.

It is technically erroneous to find one guilty of a forcible detainer, who has been guilty of no actual force; but if such an one has been guilty of a forcible entry, the finding will be regarded as substantially good.

*Gaither* and *Samuel Robertson* then sued out a warrant against *William Robertson* and *E. Paxton*, and another for a forcible entry and detainer; and a jury in the county found *William* guilty of the forcible entry and detainer, and *Paxton* guilty of a forcible detainer "under William." That inquisition being traversed, was found true in the Circuit Court, where judgment of restitution of the exclusive possession was rendered in favor of the traversees. That judgment is now sought to be reversed.

The judgment against *Paxton* for a forcible detainer only, when there was no proof of actual force in the detention, is technically erroneous; but, as by co-operating with *W. Robertson* in his entry, he was, in judgment of law, a co-principal, and therefore guilty of a forcible entry if *William* was guilty of such entry—we will not regard as essential an error in the mere form of the inquisition.

The jury had a right to infer that, between their mother's death and the affray on the 16th, *William* and *Gaither Robertson* were in the actual joint possession of the premises; for though *William* claimed the exclusive remainder, neither the foundation of that claim nor *Gaither's* recognition of it has been shown.

Whether *Samuel Robertson*, after he had entered, might be deemed to have been jointly possessed as a co-parcener, the jury might perhaps have decided either way.

And though if *William* only intended to maintain a joint enjoyment and not to expel his brothers, their aban-

donment might be considered voluntary and his entry not forcible, as against their joint possession with him; yet from all the facts, the jury had a right to infer that he intended to expel them and deliver the exclusive possession to *Paxton*, who seems to have gone with him prepared for that purpose; and if such were his purpose, and his calling for a dirk to execute it, induced S. and G. Robertson to leave, he and his coadjutor, *Paxton*, were both guilty of a forcible entry to some extent: *Comyn's Dig. Forcible Entry, A.* 2, *n. o. Hawk. Plea. Cr. c.* 64, *s.* 27. But the facts as exhibited in this record, did not, in our judgment, authorize the verdict and judgment as rendered, for restitution of the exclusive possession.

Whether such a judgment can be maintained, depends on the legal solution of the question whether, upon the facts hereinbefore recited, *Gaither* and *Samuel Robertson* could be deemed to have been in the exclusive actual possession of the house when *William entered*, or, in other words, whether he had been actually disseised, unless he elected to so consider himself.

The jury had no right to presume that *William* had abandoned, or intended to abandon, his actual possession when he went to Court. The facts conclusively repel any presumption of such intention, and therefore his momentary absence could not be distorted into a constructive dereliction. In judgment of law, his actual possession, whether sole or joint, still continued, unless, in the mean time there was an actual disseision, and we are of the opinion that he had not been disseised by *Samuel's* entry, and the mere intention manifested by *Gaither* and *Samuel* to prevent his return. Even if *Gaither* was jointly possessed with *William*, his mere resolution to expel him did not operate *per se*, as an expulsion actual or constructive. A joint tenant does not acquire an exclusive possession, or dispossess his cotenant, by resolving in his own mind that he will arrogate the sole occupancy, and thereby evict his associate.

Nor could *Samuel's* entry with the mere intention to exclude *William* operate as a disseisin in fact, until *William* submitted thereto.

Two parceners are jointly in possession, one claiming the absolute estate, who is temporarily absent, the other on his return attempts to keep him out, but is unsuccessful, the latter is not disseised unless he elect so to be, and if successful in a forcible entry and detainer, judgment of restitution can only be, to be restored to the joint, not the exclusive possession.

ROBERTSON *et al.*
*vs*
ROBERTSON *etal.*

The entry upon
the one who is in
possession, but
temporarily ab-
sent, does not
amount to a dis-
seisin in fact,
without he who
is entered upon
elects to be dis-
seised.

If one of two joint occupants of a house, on return-ing from church, whither he had gone only an hour be-fore with his wife, should re-enter his dwelling against the consent and even physical resistance of his co-tenant, it would be absurd to assume as the law of the land, that his temporary absence and the mere *will* of him who re-mained at home, had disseised him and made his re-turn a tortious intrusion on any actual possession. His right thus to re-enter, was as clear and perfect as that of the other to resist being forced out could have been. A successful resistance of his re-entry would, in fact and in law, have been an eviction, for he had never been dispos-sessed by his own act or any previous act of the co-tenant; and can it be argued, that in such a case, the only legal mode of reinstating himself and wife under their own roof, would be a warrant of forcible entry and detainer, which, on a traverse, might not open the door to them for months, possibly not for a year? Or suppose a stran-ger had intruded in his absence, and presenting himself at the door on his return, had resisted his entry, would he, by entering nevertheless, against the will of such inter-loper, be guilty of a forcible entry on *another's posses-sion*, for which he might be evicted by warrant, and the intruder restored by the arm of the law? Such an idea would be worse than ridiculous. He had never been disseised, and of course there was no actual and exclu-sive possession in any other person—his own actual pos-session still continued.

Disseisin of
things corporeal
must be by entry
and actual dis-
possession.

"*Disseisin* of things corporeal, must be by entry *and* "*actual dispossession,* as if a man enters, by either force "or fraud, into the house of another, and *turns*, or at least "*keeps,* him or his servants out of possession:" 3 *Bla. Com.* 169; 3 *Co. Lit.* 4.

One co-parcen-
er dispossessing
another should
not, on a finding
in favor of the
latter, be restor-
ed to the exclu-
sive possession,
but only to his
joint possession.

If, therefore, *Gaither* and *Samuel Robertson* had, by force or otherwise, kept *William* out, or he had elected to retreat and avoid the peril of collision, he would there-by have been disseised, and could therefore have main-tained a warrant for restitution; but he determined other-wise, and was therefore neither put out nor kept out of his actual possession, which he had neither abandoned nor lost.

If therefore,. there is, as to *William Robertson*, any legal right to restitution in this case, it cannot be, as adjudged below, a right to the exclusive possession, but only to an occupancy in conjunction with him.

And consequently, as in our opinion, the evidence did not authorize the verdict and judgment as rendered, for restitution of the entire and exclusive possession, the judgment is reversed and the cause remanded.

*Harlan* and *Morehead & Reed* for appellants; *McHenry* for appellees.